**Samuel B. JOHNSON, Ellis Lahmen, Jr. and David E. Perkins, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 25104.**

United States Court of Appeals Fifth Circuit.

May 16, 1968.

Alvin M. Binder, Jackson, Miss., for appellants.

Robert E. Hauberg, U. S. Atty., E. Donald Strange, Asst. U. S. Atty., Jackson, Miss., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

The three appellants, age 17 to 20, were convicted in a jury trial of the misdemeanor of disorderly conduct "by making offensively coarse utterances and gestures and by addressing abusive language to persons present."[1] The sole attack on the convictions is on the ground of insufficiency of the evidence.

■ A verdict should have been directed for the appellant Perkins. The only evidence of any misconduct on his part was that he whistled and made "wolf calls." There was no evidence of what manner of whistling he engaged in or what a wolf call is, either in general or in this particular instance. Neither mode of expression was defined or described in any way so as to give the jury any basis for finding that Perkins' actions constituted unreasonable noise, offensive coarse utterance or display, or abusive language. Nor was there evidence to support a conviction of Perkins on a theory of aiding and abetting.

■ The evidence was sufficient as to the other two appellants and their convictions must be affirmed. The sentences were usually severe for disorderly conduct by minor first offenders. If appellants Johnson and Lahmen wish to seek reduction of their sentences they may do so by filing motions with the district court under Rule 35, Fed.R. Crim.P.

Reversed as to appellant Perkins. Affirmed as to appellants Johnson and Lahmen.

1. The offense is under 16 U.S.C.A. § 1 and regulations promulgated by the Secretary of the Interior thereunder, at 36 CFR § 2.7.
 "DISORDERLY CONDUCT
 (a) Disorderly conduct is prohibited.
 (b) Offense defined: A person is guilty of disorderly conduct if, with purpose to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he shall:
 (1) * * *
 (2) Make unreasonable noise or offensively coarse utterance, gesture, or display, or address abusive language to any person present: * * *."